IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARY J. CHANDLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 95-RRA-1829-S |
| ) | |
| vs ) | |
| ) | |
| MARVIN T. RUNYON, ) | |
| ) | ENTERED |
| Defendant. ) | |
| | MAY 6 1997 |

## MEMORANDUM OF OPINION

On the question of backpay, the parties submitted written argument, and a hearing was held on April 25, 1997. Based on the jury's finding of discrimination, the plaintiff was clearly entitled to backpay, if backpay was properly proven. Backpay is to be determined by the court, not the jury.

It is hereby determined that the evidence presented at trial was insufficient to determine backpay. The defendant opposes the court's giving the plaintiff an opportunity to present additional backpay evidence.

The United States Supreme Court held that when a Title VII defendant is in fact prejudiced by a private plaintiff's unexcused conduct in a particular case, the trial court may restrict or even deny backpay relief. *Occidental Life v. Equal Employment Opportunity Commission*, 432 U.S. 355, 373 (1977); *Albemarle Paper Co. v. Moody*, 422 U. S. 405, 424-425 (1975). In the case at bar, if the plaintiff had attempted to prove backpay during the jury trial and simply failed in that attempt, the question would be whether the court should allow him to *re-open* the case to give him a second attempt to prove it. At the April 25th hearing, plaintiff's counsel stated that he had not attempted to prove

backpay during trial; he thought that, if the plaintiff prevailed on his discrimination claim, backpay would be resolved at a later time.

Defendant's counsel pointed out at the hearing that the defendant had offered to enter into a stipulation of backpay damages in September of 1996, in order to dispense with the necessity of proof. Plaintiff's counsel, however, did not respond to that offer. The defendant also pointed out that included in the plaintiff's requested jury charges were instructions on the method of calculating backpay. The defendant contends that these facts indicate that the plaintiff planned on proving backpay during the jury trial.

The plaintiff admitted that, at least at the time his requested charges on backpay were submitted, he did not know whether the jury or the court would decide backpay, if the plaintiff prevailed in his discrimination claim. Before the case was called for trial, however, it was made clear that the jury would not be called upon to award backpay. While it is true that plaintiff's counsel elicited backpay evidence at trial, that evidence came from the defendant's witness Helton, after backpay testimony had first been elicited by the defendant on direct examination. Additionally, it is not illogical not to present evidence that is irrelevant to any of the issues a jury has to decide. Also, the fact that the defendant had offered in the past to stipulate as to the amount of backpay is consistent with the belief of plaintiff's counsel that, if the plaintiff prevailed with the jury, backpay could easily be resolved later. At the April 25 hearing, the parties stipulated that the amount of backpay is Ten Thousand Six Hundred Twelve Dollars ($10,612.00).

It is hereby concluded that the plaintiff did not attempt to prove backpay at trial. Moreover, it is noted that Congress considered the goal of eliminating discrimination an important one, and that Congress intended that the courts fashion remedies that make discrimination victims whole. *Albemarle Paper Company v. Moody*, 422 U.S. 405 (1975).

Wherefore, pursuant to the jury's finding of discrimination, the jury's assessing

2

mental anguish damages in the amount of One Hundred Sixty Thousand Dollars ($160,000), and the court's determination that the plaintiff should be awarded Ten Thousand Six Hundred Twelve Dollars ($10,612.00) in backpay, judgment is due to be entered in favor of Lary B. Chandler and against Marvin J. Runyon, Postmaster General, in the amount of One Hundred Seventy Thousand Six Hundred Twelve Dollars ($170,612.00). As to attorney's fees and expenses, the parties stipulated that attorney's fees and expenses, through April 25, 1997, total Thirty-five Thousand Seven Hundred Seventy-eight Dollars and Thirty-Three Cents ($35,778.33); Mr. C. B. Weiser is due to be awarded this amount. As equitable relief, the plaintiff merely desires to be allowed to apply and be considered for postmasterships in the future, without the handicap of gender or race discrimination. An appropriate order of judgment will be entered.

DONE this ___5___ day of May, 1997.


Robert R. Armstrong, Jr.
UNITED STATES MAGISTRATE JUDGE